### John H. Grider *v.* E. A. Porter.

[Abstract Kentucky Law Reporter, Vol. 7—47.]

**Equitable Owner of Land Entitled to Damages Sustained by Establishment of Highway.**

Where one has sold land to another, executing to him a title bond, the holder of such bond is the equitable owner of the land and is entitled to damages sustained by reason of the establishment of a highway over or through such land. Even a tenant may be awarded damages to the extent he has sustained injury in such a case.

**Taxation of Costs in a Road Case.**

Where in a proceeding to change or establish a highway there is judgment on appeal to the circuit court that the highway be not changed the costs are to be paid by the county court and it is error to adjudge costs against one who has successfully resisted the establishment of such highway.

APPEAL FROM WARREN CIRCUIT COURT.

June 13, 1885.

Opinion by Judge Pryor:

The only questions this court is called upon or can consider in the decision of this case are such legal propositions as have been raised by counsel in their exceptions made during the progress of the trial. The county court and the circuit judge determine the question of fact, and the latter court having ordered the proposed change in the road to be made, the question as to the necessity for the change does not arise in this court. Questions of law alone are to be decided on this appeal. The proof as to the damages sustained is in the record, both in the form of a verdict by the jury, and the testimony of the proprietors themselves, and the court below has in effect said that the damages awarded are sufficient to compensate the proprietors for the loss sustained. The report of the viewers is regular in form and in compliance with the statute, and the only objection perceived to the proceeding over which this court

has the supervisory power is the judgment for costs against the proprietors of the land, and their failure to award damages to Minor, through whose land the road passed.

It is said in argument that Webb, the father-in-law of Minor, received damages for running through this same land, he having it, or sold it to Minor by title bond. How Minor is to obtain the damages to which he is entitled from Webb is difficult to ascertain, or upon what principle the devisor of the equitable title has been deprived of his right to damages, does not appear. We have looked for some testimony showing the sale of the land by Webb to Minor, but fail to find it in the record, except by inference, and that is so strong this court must conclude that the road runs through his land. In fact, counsel for appellee admit in their brief that Webb had executed to Minor a bond for title and assigns for a reason for not giving Minor damages that he had not obtained the legal title. This was no reason for refusing to allow compensation and the court 'erred in not awarding damages to him, nor is there anything in the record showing that Webb received his part of the damages, and if there was it would be manifest error.

Not only the proprietors of the land, but a tenant even, may be awarded damages to the extent he has sustained injury. Such is the plain letter of the statute. What have we of record to show that Minor has an interest? The jury empaneled to award damages was directed to view the land of Minor and ascertain the damages he had sustained. By their verdict they say they viewed the lands of the different proprietors, including Minor, over whose lands the road is to pass, and award damages to all but Minor. As to him the verdict is silent. He filed exceptions in the county court to the verdict of the jury, and the application for a change in the road was denied. The applicant then appealed to the circuit court, and in appealing the whole record went up, showing the exceptions of Minor. This exception was sufficient as made in the county court, and the record showed that the road passed through his land. He therefore was entitled to be heard, and damages should have been given him. The circuit court also erred in rendering judgment in favor of the appellee against the appellants. The legal costs of the procedure and the cost which the defendant shall have expended in his defense must be paid by the county court, in the event the road is altered. This is expressly provided in section 16 of chapter 94, General Statutes, article 1.

It is argued by counsel that the judgment for costs being void, the court can at any time set it aside. We do not concur in this view of the case. The entire question was within the jurisdiction of the circuit court, and the parties were all before the court by service of process or an actual appearance. The judgment for costs against the defendants was erroneous only as much so as if the court had refused to award damages for running over the land of one of the proprietors. It was an error of judgment in regard to a matter over which the court had complete jurisdiction, not only of the subject-matter, but of the parties.

The judgment for costs was therefore erroneous. On the return of the case that part of the judgment should be modified, leaving the county judge to pay the costs of the county court out of the county treasury, as provided by statute. The court ought also to remand the case with directions to have a jury award the damages to Minor and then establish the alteration, there being no error as to the other proprietors.

The judgment for costs is reversed and the case remanded with directions to enter the modified judgment.

Judgment *reversed*.

*John B. Grider, for appellant.*

*Rodes & Settle, E. W. Hines, for appellee.*